# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| Plaintiff, | ) CIVIL ACTION NO. 4:23-cv-881 |
| v. | ) ) C O M P L A I N T |
| TNT CRANE & RIGGING, INC., Defendant. | ) ) ) ) ) JURY TRIAL DEMAND ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Lorenzo Smith, Nathan Cook, Edwin Crayton, Freddie Campbell, and Jason Pradia. As alleged with greater particularity in paragraphs 11-22 below, the U.S. Equal Employment Opportunity Commission (hereafter "EEOC" or "the Commission") alleges that Defendant, TNT Crane & Rigging, Inc. ("Defendant"), discriminated against Lorenzo Smith, Edwin Crayton, Freddie Campbell, and Jason Pradia because of their race (Black) in violation of Title VII by subjecting them to a race-based hostile work environment. EEOC also alleges that Defendant retaliated against Nathan Cook (White) for complaining about race harassment he witnessed, in violation of Title VII by reducing his hours, resulting in his constructive discharge.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Fort Worth Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3).

4. At all relevant times, Defendant, a Texas corporation, has continuously been doing business in the State of Texas and the City of Fort Worth, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Lorenzo Smith, Nathan Cook, and Edwin Crayton filed charges of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On February 1, 2023, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. On April 7, 2023, the Commission determined it was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least August 2018, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) at its Fort Worth, Texas location.

12. Defendant's Field Manager, along with several employees, were identified as common and frequent users of racial slurs and jokes, including use of the n-word. Moreover, threatening, and offensive imagery was also present at Defendant's Fort Worth, Texas facility, including nooses and lightning bolt stickers identified with white supremacy on the cranes at the facility.

13. Lorenzo Smith (Black) worked as a Crane Operator at Defendant's Fort Worth, Texas location beginning in approximately April 2013. Smith was subjected to racial comments and slurs throughout his employment. On or about August 26, 2018, Smith was working at a job at the Frisco Mall, when the Field Manager asked Smith to drive back to the Fort Worth location

and retrieve an air conditioning unit. When Smith requested assistance from the Field Manager relating to this task, he replied: "N*gger, if you are going to bitch about it, you can turn that truck around and take your ass home." Smith reported this comment to the Branch Manager, however, neither the Branch Manager nor anyone else in a supervisory or management position with the Defendant provided an effective response, investigation, or corrective action to address the complaint.

14. Edwin Crayton (Black) worked as a Crane Operator at Defendant's Fort Worth, Texas location, beginning in approximately May 2014. During his employment, the Field Manager called Crayton the n-word, saying: "N*gga if you don't want the job, go home."

15. Freddie Campbell (Black) worked as a Truck Driver at Defendant's Fort Worth, Texas location beginning in approximately August 2018. During his employment, Campbell heard the Field Manager, along with several employees using the n-word during a conversation. Campbell reported this conversation to the Branch Manager and the Safety Director and was told the matter would be addressed. However, neither the Branch Manager nor anyone else in a supervisory or management position with the Defendant provided an effective response, investigation, or corrective action to address the complaint.

16. Campbell further claimed that a coworker told him about racist conversations at the Fort Worth location in which Campbell was referred to as a n*gger. He was also told that coworkers often referred to Campbell as a White employee's "Black Daddy."

17. Jason Pradia (Black) worked as a Rigger for at Defendant's Fort Worth, Texas location beginning in approximately July 2019. Pradia also frequently heard and witnessed racially charged jokes being told by his coworkers. One White coworker told Pradia: "A lot of Black people are f*cking lazy. You're different, you're not like other n*ggers. You work though,

that's what I like about you." Pradia also stated that the White coworker compared Pradia to another Black employee, while saying about that employee, "[H]e is a n*gger, he's lazy."

18. Nathan Cook (White) worked as a Crane Operator at Defendant's Fort Worth, Texas location beginning in approximately September 2013. Cook also described that racial slurs were common and frequently used by Defendant's managers and employees. On or about February 1, 2019, Cook saw lightning bolt stickers/tape identified with white supremacy on the sides of some cranes. Cook reported this to the Branch Manager, Safety Director, and Operations Manager. Cook reported other racial slurs to the Safety Manager. However, neither the Branch Manager nor anyone else in a supervisory or management position with the Defendant engaged in an effective response, investigation, or corrective action to address the complaint.

19. Prior to 2019, Cook saw a noose that was tied by a coworker in Defendant's Dallas, Texas location prior to its closure. On or about February 14, 2019, Cook saw a second noose hanging on the back fence of Defendant's Fort Worth yard. The Branch Manager was aware of the noose which he referred to as simply a "cowboy knot." Smith subsequently reported the noose to Defendant's Human Resources Manager. During a subsequent employee training meeting, Cook openly admitted that he was involved in making the complaint. After the training, employees continued to use the n-word and would laugh and mock or minimize the noose report. Moreover, neither the Branch Manager nor anyone else in a supervisory or management position with the Defendant engaged in an effective response, investigation, or corrective action to address the complaint. Additionally, Lorenzo Smith, Edwin Crayton, Freddie Campbell, and Jason Pradia all became aware of the second noose during their employment, along with the first noose that was hung in the Dallas, Texas location prior to its closure.

20. Further, close in time to when Cook raised complaints about the discriminatory environment, the tires of his personal vehicle were flattened while parked at the workplace. He was also confronted at the Fort Worth, Texas location by a coworker who shoved him, cursed at him, and threatened him. Additionally, the coworker called Cook a "Wigger," "N*gger Lover," and a "Snitch." Cook reported this to the Safety Director, but neither the Safety Director nor anyone else in a supervisory or management position with the Defendant engaged in an effective response, investigation, or corrective action to address the complaint.

21. One week after Cook's complaint about the noose, Cook's regular hours and overtime hours were reduced, causing a reduction in his gross weekly pay. On or about March 4, 2019, Cook was called a "troublemaker" by the Branch Manager who also accused him of "stirring the pot." The Branch Manager then told Cook to "get [his] sh*t and leave." On this same day, Cook attempted to report the racial harassment and discrimination that he witnessed to Defendant's corporate office in Houston, Texas, but he received no response. Soon after Cook complained to the corporate office, his overtime hours were reduced again, causing a significant reduction in his gross weekly pay.

22. In the wake of the above, although the Branch Manager communicated his presumption that Cook would quit his job, Cook expressed that it was not his intent to quit but stated that he felt he was being forced out. Cook was ultimately compelled to resign his position due to the continuing intolerable working conditions, the harassment he received from his coworkers and management, the absence of any apparent or credible commitment by the employer to prevent or remedy the discriminatory atmosphere, and the reduction of hours and pay after he raised complaints about discrimination.

23. The effect of the practices complained of in paragraphs 11-22 has been to deprive Lorenzo Smith, Nathan Cook, Edwin Crayton, Freddie Campbell, and Jason Pradia of equal employment opportunities and otherwise adversely affect their status as employees because of their race, and/or their engagement in protected activity.

24. The unlawful employment practices complained of in paragraphs 11-22 above were intentional.

25. The unlawful employment practices complained of in paragraphs 11-22 above were done with malice or with reckless indifference to the federally protected rights of Lorenzo Smith, Nathan Cook, Edwin Crayton, Freddie Campbell, and Jason Pradia.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that permits or condones racial harassment and a hostile work environment and retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, irrespective of race and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Nathan Cook by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including rightful place reinstatement or front pay in lieu thereof for Nathan Cook.

D. Order Defendant to make Lorenzo Smith, Nathan Cook, Edwin Crayton, Freddie

Campbell, and Jason Pradia whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-22 above, including but not limited to job search and medical expenses in an amount to be determined at trial.

E. Order Defendant to make Lorenzo Smith, Nathan Cook, Edwin Crayton, Freddie Campbell, and Jason Pradia whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11-22 above, including but not limited to emotional pain, suffering, inconvenience, and loss of enjoyment of life in amounts to be determined at trial.

F. Order Defendant to pay Lorenzo Smith, Nathan Cook, Edwin Crayton, Freddie Campbell, and Jason Pradia punitive damages for engaging in discriminatory practices with malice or reckless indifference to their federally protected rights, as described in paragraphs 11-22 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

/s/ Robert A. Canino

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Assistant Regional Trial Attorney
Texas State Bar No. 14009470

/s/ Brian E. Hawthorne
BRIAN E. HAWTHORNE
Trial Attorney
Texas Bar No. 24116494


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (972) 918-3611
Fax No. (214) 253-2749