**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> TNT CRANE & RIGGING, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )    **Case No.  4:23-cv-00881-P** <br> )    **Honorable Mark T. Pittman** <br> ) <br> ) <br> ) <br> ) <br> ) |

## CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") instituted this action on August 24, 2023, against Defendant TNT Crane & Rigging, Inc. ("Defendant") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  In its Complaint, EEOC pleaded claims that Defendant violated Title VII by subjecting Charging Parties Lorenzo Smith and Edwin Crayton and a class of other aggrieved employees to a hostile work environment because of race (Black) and by subjecting Charging Party Nathan Cook to adverse employment actions in retaliation for his opposition to a hostile work environment because of race (Black). In its Answer, Defendant denied, and continues to deny, committing any violations of Title VII. There have been no findings made concerning any disputed factual issues in this case.

As a result of settlement discussions, EEOC and Defendant (hereinafter, collectively the "Parties") desire to resolve this action without the time, expenditure, and risk of contested litigation.  Accordingly, the Parties agree that this action should be resolved through entry of this Consent Decree ("Decree").

By consenting to resolution of the action by this Decree, Defendant does not admit liability for any of the Title VII claims pleaded in EEOC's Complaint.

This Decree, once approved and entered by the Court, shall fully and finally resolve all claims pleaded in EEOC's Complaint filed in the above-styled and numbered action.

## STIPULATIONS

A.      The Parties acknowledge the jurisdiction of the United States District Court for the Northern District of Texas (Forth Worth Division) over the subject matter of this action and the Parties to this action for purposes of entering this Decree and, if necessary, enforcing this Decree.

B.      Venue is proper in this judicial district for purposes of entering this Decree and any proceedings related to enforcement of the Decree.

C.      The Parties agree that all conditions precedent to the institution of this action have been fulfilled.

## FINDINGS

Having carefully examined the terms and provisions of this Decree, and based on the pleadings and stipulations of the Parties, the Court finds the following:

A.      The Court has jurisdiction over the subject matter of this action and the Parties.

B.      The terms of the Decree are lawful, fair, adequate, reasonable, and just.

C.      The Decree conforms to the Federal Rules of Civil Procedure and Title VII, and it is not in derogation of the rights or privileges of any person.  The entry of this Decree will further the interests of Title VII and will be in the best interest of the Parties, those for whom EEOC seeks relief, and the public.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## DEFINITIONS

A.    As used in this Decree, the terms *complaint* or *complaints* shall mean any allegation or report made by any employee or job applicant or other person acting on their behalf, whether or not substantiated by evidence, whether or not made in conformity with Defendant's established procedures (so long as knowledge of the complaint may be imputed to Defendant), made by any means of communication, regarding potential harassment or discrimination (including but not limited to race and retaliatory harassment or other discrimination), allegedly committed by any employee, officer, director, owner, contractor, vendor or customer of Defendant.

B.    The term *days* shall mean calendar days unless business days are clearly specified in a provision of the Decree.  If any deadline referenced in this Decree shall fall on a weekend or a federal holiday, the deadline shall be moved to the next business day.

C.    The term *Effective Date* means the date that the Court approves and enters the Decree as a final order.

D.    The term *employee* shall be construed in accordance with controlling Title VII case law defining the meaning of the term "employee" and "employer."  The term "employee" shall specifically include all full-time, part-time and temporary employees of Defendant.

## INJUNCTION

1.    Defendant, its owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Defendant are hereby enjoined from engaging in any employment practice that discriminates against any applicant or employee because of race, including (a) creating, facilitating, or tolerating the existence of a hostile work environment

because of race; (b) failing to exercise reasonable care to prevent or correct a hostile work environment because of race; and/or (c) taking any adverse employment action against any person because of race.

2.    Defendant, its owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Defendant are hereby enjoined from engaging in any form of retaliation against any applicant, current employee, or former employee because such person has (a) opposed any practice made unlawful or reasonably believed to be unlawful under Title VII; (b) filed a charge of discrimination under Title VII; (c) testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII; (d) requested or received relief under this Decree; and/or (e) asserted any rights under this Decree.

<u>**MONETARY RELIEF**</u>

3.    Within thirty (30) days of the Effective Date or the date that he provides to Defendant (through EEOC counsel of record) a fully completed and executed IRS Form W-4 and IRS Form W-9 for payment processing, whichever date is later, Defendant shall pay monetary relief to Charging Party Nathan Cook ("Cook") in the total amount of two hundred thousand dollars ($200,000), of which sixty-four thousand dollars ($64,000) shall constitute back pay (wages), twenty thousand dollars ($20,000) shall constitute pre-judgment interest on back pay, and one hundred and sixteen thousand dollars ($116,000) shall constitute compensatory damages and punitive damages.

(a)    Defendant shall make all applicable payroll tax withholdings required by law from the amount payable to Mr. Cook as back pay. Defendant shall be responsible for paying its own share of payroll tax liability required by law. Defendant shall not make withholdings from the amounts payable to Mr. Cook as pre-judgment interest,

compensatory damages and punitive damages.

(b)     Payment to Mr. Cook shall be completed using two checks: one check for the amount constituting back pay (less all payroll tax withholdings required by law) and a second check for the amount constituting pre-judgment interest, compensatory damages and punitive damages.  Defendant shall deliver the two checks for monetary relief payable to "Nathan Cook" via certified U.S. mail (with a return receipt requested) or express overnight delivery to Mr. Cook at an address to be provided by EEOC. The check for the amount constituting back pay shall be accompanied by a written description setting forth the type and amount of all payroll tax withholdings made.  Within five (5) days of the date of delivery of the two checks to Mr. Cook, Defendant shall transmit to EEOC photocopies of both checks, the written description of payroll tax withholdings, and proof of delivery.

(c)     In the event that Defendant is unable to successfully make delivery of one or more of the checks required to be delivered by Paragraph 3(b), above, Defendant shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of delivery, and then exercise reasonable diligence to attempt successful delivery of the check(s) by alternate methods.

(d)     By not later than the time that such tax documents are issued to other persons in the ordinary course of Defendant's business, Defendant shall issue to Mr. Cook an IRS Form W-2 for the monetary relief amount constituting back pay (wages) and an IRS Form 1099-MISC for the monetary relief amount constituting pre-judgment interest, compensatory and punitive damages.

4.     Within thirty (30) days of the Effective Date or the date that he provides to Defendant (through EEOC counsel of record) a fully completed and executed IRS Form W-9 for

payment processing, whichever date is later, Defendant shall pay monetary relief to Charging Party Lorenzo Smith ("Smith") in the total amount of one hundred and fifteen thousand dollars ($115,000), which shall constitute compensatory damages for emotional distress and punitive damages. Defendant shall not make withholdings from the amount payable to Mr. Smith.

   (a)    Payment to Mr. Smith shall be completed by a single check made payable to "Lorenzo Smith" delivered via certified U.S. mail (with a return receipt requested) or express overnight delivery to Mr. Smith at an address to be provided by EEOC. Within five (5) days of the date of delivery of the check to Mr. Smith, Defendant shall transmit to EEOC a photocopy of the check and proof of delivery.

   (b)    In the event that Defendant is unable to successfully make delivery of the check required to be delivered by Paragraph 4(a), above, Defendant shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of delivery, and then exercise reasonable diligence to attempt successful delivery of the check by alternate methods.

   (c)    By not later than the time that such tax documents are issued to other persons in the ordinary course of Defendant's business, Defendant shall issue to Mr. Smith an IRS Form 1099-MISC for the monetary relief amount constituting compensatory and punitive damages.

5.    Within thirty (30) days of the Effective Date or the date that he provides to Defendant (through EEOC counsel of record) a fully completed and executed IRS Form W-9 for payment processing, whichever date is later, Defendant shall pay monetary relief to Charging Party Edwin Crayton ("Crayton") in the total amount of eighty-five thousand dollars ($85,000), which

shall constitute compensatory damages for emotional distress and punitive damages. Defendant shall not make withholdings from the amount payable to Mr. Crayton.

(a)    Payment to Mr. Crayton shall be completed by a single check made payable to "Edwin Crayton" delivered via certified U.S. mail (with a return receipt requested) or express overnight delivery to Mr. Crayton at an address to be provided by EEOC. Within five (5) days of the date of delivery of the check to Mr. Crayton, Defendant shall transmit to EEOC a photocopy of the check and proof of delivery.

(b)    In the event that Defendant is unable to successfully make delivery of the check required to be delivered by Paragraph 5(a), above, Defendant shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of delivery, and then exercise reasonable diligence to attempt successful delivery of the check by alternate methods.

(c)    By not later than the time that such tax documents are issued to other persons in the ordinary course of Defendant's business, Defendant shall issue to Mr. Crayton an IRS Form 1099-MISC for the monetary relief amount constituting compensatory and punitive damages.

6.    Within thirty (30) days of the Effective Date or the date that he provides to Defendant (through EEOC counsel of record) a fully completed and executed IRS Form W-9 for payment processing, whichever date is later, Defendant shall pay monetary relief to EEOC Claimant Friddie Campbell ("Campbell") in the total amount of seventy-five thousand dollars ($75,000), which shall constitute compensatory damages for emotional distress and punitive damages. Defendant shall not make withholdings from the amount payable to Mr. Campbell.

(a)    Payment to Mr. Campbell shall be completed by a single check made payable to "Friddie Campbell" delivered via certified U.S. mail (with a return receipt requested) or express overnight delivery to Mr. Campbell at an address to be provided by EEOC. Within five (5) days of the date of delivery of the check to Mr. Campbell, Defendant shall transmit to EEOC a photocopy of the check and proof of delivery.

(b)    In the event that Defendant is unable to successfully make delivery of the check required to be delivered by Paragraph 6(a), above, Defendant shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of delivery, and then exercise reasonable diligence to attempt successful delivery of the check by alternate methods.

(c)    By not later than the time that such tax documents are issued to other persons in the ordinary course of Defendant's business, Defendant shall issue to Mr. Campbell an IRS Form 1099-MISC for the monetary relief amount constituting compensatory and punitive damages.

7.    Within thirty (30) days of the Effective Date or the date that he provides to Defendant (through EEOC counsel of record) a fully completed and executed IRS Form W-9 for payment processing, whichever date is later, Defendant shall pay monetary relief to EEOC Claimant Jason Pradia ("Pradia") in the total amount of fifty thousand dollars ($50,000), which shall constitute compensatory damages for emotional distress and punitive damages. Defendant shall not make withholdings from the amount payable to Mr. Pradia.

(a)    Payment to Mr. Pradia shall be completed by a single check made payable to "Jason Pradia" delivered via certified U.S. mail (with a return receipt requested) or express overnight delivery to Mr. Pradia at an address to be provided by EEOC. Within

five (5) days of the date of delivery of the check to Mr. Pradia, Defendant shall transmit to EEOC a photocopy of the check and proof of delivery.

(b)     In the event that Defendant is unable to successfully make delivery of the check required to be delivered by Paragraph 7(a), above, Defendant shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of delivery, and then exercise reasonable diligence to attempt successful delivery of the check by alternate methods.

(c)     By not later than the time that such tax documents are issued to other persons in the ordinary course of Defendant's business, Defendant shall issue to Mr. Pradia an IRS Form 1099-MISC for the monetary relief amount constituting compensatory and punitive damages.

8.     Upon entry of this Decree by the Court, the Title VII claims pleaded in EEOC's Complaint (ECF No. 1) in the above-styled and numbered action shall be fully and finally resolved. The resolution of the above-styled and numbered action and Defendant's payment of the monetary relief required by this Decree has not been, and shall not be, conditioned on any person executing a waiver or release of any claims or rights or any other agreement.

## NEUTRAL EMPLOYMENT REFERENCES

9.     In the event that Defendant receives any inquiries by prospective employers of Messrs. Cook, Smith, Crayton, Campbell or Pradia, and provided that such inquiry is directed to Defendant's human resources department, Defendant's human resources department shall verify their dates of employment, last position held and last pay rate, as applicable. Defendant shall not provide any other information concerning Messrs. Cook, Smith, Crayton, Campbell or Pradia or their employment. If a prospective employer requires a specific Defendant employee as a contact

for a reference, Messrs. Cook, Smith, Crayton, Campbell and Pradia may direct that prospective employer to Lisa Deats, Vice President of Human Resources, (713) 255-8651, South Loop West, Houston, Texas 77054, who shall then verify their dates of employment, last position held and last pay rate, as applicable, without providing any additional information regarding Messrs. Cook, Smith, Crayton, Campbell or Pradia.

Defendant will inform all management personnel of the Fort Worth branch (a) that any inquiries from prospective employers of Messrs. Cook, Smith, Crayton, Campbell, and Pradia that are received by Defendant's management personnel must be directed by those personnel to Defendant's human resources department for a response and (b) that those personnel shall not provide any information to the prospective employers about Messrs. Cook, Smith, Crayton, Campbell, and Pradia.

## TITLE VII POLICIES AND PROCEDURES

10.    Within ninety (90) days of the Effective Date, Defendant shall create, adopt and implement policies and procedures regarding racial harassment, race discrimination, and retaliation that comport with Title VII requirements and include at least the following minimum content:

(a)    **Anti-Discrimination Policy.**  This policy shall contain (i) a description of the types of conduct that constitutes prohibited harassment and discrimination, including but not limited to racial harassment, race discrimination, and retaliation, including but not limited to discussion of Defendant's prohibition of the use of racial slurs and jokes or the display of hate symbols; (ii) a discussion of the meaning of the phrase "hostile work environment"; (iii) a statement that a hostile work environment because of race or retaliation or any other protected classification under applicable federal anti-discrimination

10

laws governing employment violates the policy; (iv) a statement that Defendant will act promptly to address any hostile work environment that exists, including imposition of disciplinary action; (v) a statement that employees will not be subjected to unlawful retaliation for complaining about harassment or discrimination; (vi) a description of retaliation prohibited under Title VII, with examples; (vii) a statement that unlawful racial harassment, discrimination, and retaliation will not be tolerated and that any employee (including managerial or supervisory employees) found in violation of the policy will may be subject to disciplinary action, up to and including immediate discharge from employment; (viii) a statement that all complaints of harassment or discrimination will be promptly, thoroughly, and impartially investigated; (ix) a statement that all managerial and supervisory employees have a duty to reasonably monitor the work environment to identify prohibited harassment or discrimination and that failure to carry out this duty shall be grounds for disciplinary action, up to and including immediate discharge from employment; and (x) a requirement that all managerial and supervisory employees have a duty under the policy to promptly report any and all complaints of alleged unlawful harassment or discrimination, or any unlawful harassment or discrimination that they have observed or suspect may have occurred, to their immediate supervisor or to Defendant's human resources department, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including immediate discharge from employment.

(b)     **Complaint Procedure.**  This complaint procedure shall include (i) a description of multiple avenues for employees to make complaints of harassment and discrimination, including but not necessarily limited to reporting such complaints to any managerial or supervisory employee and to Defendant's human resources department.

The complaint procedure shall be designed to be reasonably accessible to all employees, shall deem oral complaints or reports to be sufficient to initiate an investigation, shall not impose any time limit on the making of such complaints or reports, and shall not otherwise impose unreasonable burdens or requirements on employees seeking to complain or report; (ii) a statement and requirement that Defendant shall promptly, thoroughly and impartially investigate all complaints or reports of harassment or discrimination, shall keep complaints and reports confidential except to the extent disclosure of information is believed to be necessary to conduct the investigation, take corrective or preventive actions, or comply with government inquiries, and shall document, in writing, the results of such investigations; (iii) a statement and requirement that Defendant will not unlawfully retaliate against any individual who makes a complaint of harassment or discrimination in good faith or who provides information or assistance in any investigation of such complaint; (iv) a statement that an employee may file a charge of discrimination with the U.S. Equal Employment Opportunity Commission or any applicable state fair employment practices agency (and provide contact information for such agencies), in addition to making a complaint to Defendant.

(c)    Defendant shall require that all investigations of protected complaints of race harassment, race discrimination, and retaliation, including but not limited to performing investigative interviews or making decisions concerning any actions to be taken in response to such complaints, shall only be conducted by Defendant employees who have received the training described in Paragraph 16, below.

(d)    **Retaliation Prevention Procedures.** Following its investigation into a protected complaint of race harassment, race discrimination, or retaliation, Defendant shall

exercise reasonably diligent efforts to investigate any adverse employment actions proposed or taken against the person who made the complaint of race harassment, race discrimination, or retaliation, or who was named or identified as a witness in the investigation concerning race harassment, race discrimination, or retaliation, to determinate whether the adverse employment action is retaliatory when: (i) the person recommending or making the decision to take adverse employment action, or who has made an allegation that is the basis for such adverse employment action, has been the subject of, or is directly supervised by a person who is the subject of, or was a recipient of, the complaint of race harassment, race discrimination, or retaliation made by, or corroborated as a witness by, the employee against whom adverse employment action has been proposed or taken; or (ii) the circumstances would cause a reasonable person to suspect that the adverse employment action may be motivated by a retaliatory purpose.

11.    Within sixty (60) days of the Effective Date, Defendant shall send copies of the policies and procedures referenced in Paragraph 10 to EEOC for review. Thereafter, EEOC shall be afforded a period of ten (10) days to conduct a pre-implementation review of the policies described in Paragraph 10 ("Policies") and provide any comments concerning the Policies or their implementation that EEOC deems warranted. Upon request by EEOC, Defendant shall confer in good faith with EEOC concerning the revised policies and procedures referenced in Paragraph 10 and any EEOC comments.

12.    Subject to any motion filed by EEOC pursuant to Paragraph 35, below, within ninety (90) days of the Effective Date, Defendant shall implement the Policies. To implement the Policies, Defendant shall: (a) integrate the Policies into any employee handbook or manual given to employees; (b) distribute the Policies to each of their current officers, employees (both

managerial and non-managerial) and human resources department personnel responsible for receiving or investigating complaints or reports of harassment, discrimination or retaliation; and (c) obtain a signed acknowledgement that each employee (both managerial and non-managerial) and human resources department personnel responsible for receiving or investigating complaints or reports of harassment, discrimination or retaliation has read and understood the Policies. The signed acknowledgements referenced in this Paragraph shall be retained for the duration of this Decree.

13.     Within ten (10) days from the date that Defendant implements the Policies required by Paragraph 10, above, Defendant shall transmit to EEOC a written certification that such Policies have been implemented in the manner set forth in Paragraph 12, above, and shall append to such certification a copy of the final Policies that it has implemented.

14.     Within thirty (30) days of the Effective Date, Defendant shall create and implement, and shall thereafter maintain for the duration of this Decree, an Employee Hotline that serves to receive employee complaints of workplace harassment, discrimination, and retaliation directly to the Vice President of Human Resources. Defendant shall provide to all employees a written notice of the Employee Hotline and its purpose immediately upon implementation, and shall provide such notice to all new employees by not later than the date that they receive the training required by Paragraph 28, below.

15.     Within ten (10) days from the date that Defendant implements the requirements of Paragraph 14, above, Defendant shall send to EEOC a written certification of its compliance with Paragraph 14.

### TITLE VII TRAINING: INVESTIGATIONS, PREVENTION, RESPONSE

16.     For the duration of this Decree, Defendant shall ensure that any person designated

14

as responsible for conducting an investigation of, or making decisions concerning preventive or corrective action to be taken in response to, employee complaints or reports of harassment, discrimination and retaliation at Defendant's Texas branches (hereinafter referred to as a "Responsible Official" or "Responsible Officials") shall have previously received no less than two and one-half (2.5) hours of mandatory training on proficient, lawful methods and techniques for conducting Title VII investigations and responding to employee complaints of harassment, discrimination and retaliation that accurately conveys Title VII requirements and proficient, lawful methods and techniques for conducting investigations and responding to employee complaints of harassment, discrimination or retaliation, including formulating plans for corrective action and implementing corrective and preventive actions such as disciplinary action. At a minimum, the training shall have included a discussion of the following topics:

(a)    an overview of the law regarding racial harassment, discrimination and retaliation and employer duties related to the same;

(b)    Defendant's requirement under its Policies that all managers and supervisors have a duty under Defendant's policies to promptly report any and all complaints or observations of unlawful harassment, discrimination or retaliation, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including termination;

(c)    sources of potential evidence/information that could be considered in a company harassment, discrimination or retaliation investigation;

(d)    an instruction that information regarding past complaints, allegations, or investigations of harassment, discrimination or retaliation of a similar nature and involving the same individual then-being investigated shall be considered highly relevant evidence

15

in any pending investigation;

(e)     that Defendant's personnel conducting investigations into allegations of unlawful harassment, discrimination or retaliation are required to research whether such past complaints or investigations exist by reviewing all records available to them and that there should be record-keeping systems to enable tracking such information;

(f)     that Defendant's current employees who are not the complainant, reporting official, or person accused, as well as former employees, may also be sources of highly relevant evidence and should be contacted during investigations, if appropriate;

(g)     the need to conduct thorough interviews concerning all potential harassing or discriminatory incidents regardless of whether they were initially identified by the complainant or were the subject of the complaint;

(h)     techniques for conducting witness interviews and assessing witness credibility, particularly but not exclusively for situations in which there is conflicted testimony or an absence of corroboration;

(i)     the need to investigate whether corroborative evidence exists, but that corroborative evidence is not required to make a finding that allegations of harassment or other discrimination are substantiated or well-founded;

(j)     that complaint and investigation procedures must be conducted in a manner reasonably calculated to ensuring language accessibility for all individuals with whom Defendant communicates (e.g., Spanish language communications with limited English proficient workers whose first language is Spanish through an interpreter or direct communication with a Defendant official authorized to conduct the investigation who is a fluent Spanish language speaker);

(k)     a discussion of corrective actions that can be taken in response to employee complaints or reports of harassment, discrimination and retaliation and the need to ensure that, in response to such complaints or reports, Defendant undertakes corrective action reasonably calculated to end any harassing, discriminatory or retaliatory conduct and to prevent its reoccurrence;

(l)     post-investigation procedures for monitoring the work environment, including but not limited to conducting follow-up interviews of employees and explicitly asking such persons whether any harassment, discrimination or retaliation of a similar type to that investigated is ongoing or has taken place since the original complaint;

(m)     the need to monitor and audit any post-complaint or post-investigation personnel actions taken against any complainants or witnesses to any investigations to ensure that retaliation is not taking place;

(n)     the need to document complaint investigations, including taking and retaining notes of interviews conducted and fully documenting all questions asked and answers given;

(o)     Defendant's record retention obligations under this Decree relating to any discrimination and harassment complaints or investigations; and

(p)     Defendant's Policies.

17.     Subject to any motion filed by EEOC pursuant to Paragraph 35, below, within 120 (120) days of the Effective Date, Defendant shall complete the first training session required by Paragraph 16, above, regarding all then-current Responsible Officials. For the duration of this Decree, to the extent that any newly designated Responsible Official has not received the training required by Paragraph 16, above, Defendant shall provide such training to that person before the

person performs any investigative or decision-making duties concerning an employee complaint or report of harassment, discrimination and retaliation. The training shall be conducted live (whether in-person or remote) and involve an interactive component.

18.    Defendant shall retain at its own expense a non-party consultant reasonably qualified by virtue of any combination of education, training and experience to conduct the training(s) required by Paragraphs 16 and 17, above.

19.    Within sixty (60) days of the Effective Date, Defendant shall submit to EEOC copies of the proposed training materials for the first training session required by Paragraphs 16 and 17, above, along with the name(s), contact information and curricula vitae of the non-party consultants(s) that Defendant has selected for the trainings.

20.    After Defendant transmits to EEOC the information set forth in Paragraph 19, above, EEOC shall be afforded a period of fifteen (15) days to conduct pre-implementation review of the non-party consultant's qualifications and the training materials and provide any comments that EEOC deems warranted. Upon request by EEOC, Defendant shall confer in good faith with EEOC concerning the trainings and any EEOC comments.

21.    Within ten (10) days from the date that Defendant conducts the first training session required by Paragraphs 16 and 17, above, Defendant shall transmit to EEOC a copy of the final training materials for the training, a list of all Responsible Officials (by name and job title) who attended the training, and a list of all Responsible Officials to whom Defendant is required by this Decree to present such training but who did not receive it.

22.    Within ten (10) days from the date that Defendant conducts any subsequent training sessions to newly designated Responsible Officials as required by Paragraphs 16 and 17, above, Defendant shall transmit to EEOC a copy of the final training materials for the training, a list of

all newly designated Responsible Officials (by name and job title) who attended the training, and a list of all newly designated Responsible Officials (by name and job title) to whom Defendant is required by this Decree to present such training but who did not receive it.

### TITLE VII TRAINING: NON-DISCRIMINATION AND RELATED POLICIES

23.     Subject to any motion filed by EEOC pursuant to Paragraph 35, below, within one hundred and twenty (120) days of the Effective Date, Defendant shall provide not less than one (1) hour of mandatory training on Title VII and Defendant's Policies to all of Defendant's employees, including all managerial and non-managerial employees, at its Texas branches. A training session shall be conducted live (though attendance may be by remote means) and recorded. Any employee for whom attendance at the live session is not reasonably feasible will be required to watch the recorded training session within thirty (30) days after the live session, and Defendant shall distribute to all such employees the names and contact information of one or more persons knowledgeable about the training's content whom such employees may contact with questions. At a minimum, the training shall include a discussion of the following topics:

(a)     Title VII's prohibition against harassment, discrimination, and retaliation, including but not limited to race-based harassment and discrimination, as well as retaliation;

(b)     the types of conduct that constitute prohibited race-based harassment and discrimination prohibited by Title VII, including examples of such conduct;

(c)     the types of conduct that constitute retaliation prohibited by Title VII, including examples of such conduct;

(d)     Defendant's Policies;

(e)     Defendant's procedures for reporting, investigating, and responding to allegations of harassment, discrimination, and retaliation; and

(f)     the disciplinary consequences for any employees, including but not limited to managerial and supervisory employees, found to be in violation of Defendant's Policies.

24.     Defendant shall retain at its own expense a non-party consultant reasonably qualified by virtue of any combination of education, training and experience to conduct the training required by Paragraph 23, above.

25.     Within ninety (90) days of the Effective Date, Defendant shall submit to EEOC copies of the proposed training materials for the first training session required by Paragraph 23, above, along with the name(s), contact information and curricula vitae of the non-party consultants(s) that Defendant has selected for the trainings.

26.     After Defendant transmits to EEOC the information set forth in Paragraph 25, above, EEOC shall be afforded a period of fifteen (15) days to conduct pre-implementation review of the non-party consultant's qualifications and the training materials and provide any comments that EEOC deems warranted. Upon request by EEOC, Defendant shall confer in good faith with EEOC concerning the trainings and any EEOC comments.

27.     Within ten (10) days from the date that Defendant conducts the first training session required by Paragraph 23, above, Defendant shall transmit to EEOC a copy of the final training materials for the training, a list of all employees (by name and job title) who attended the training, and a list of all employees (by name and job title) to whom Defendant is required by this Decree to present such training but who did not receive it.

28.     For the duration of this Decree, Defendant shall also provide the training required by Paragraph 23, above, to any new employees of Defendant. This training shall be completed

within ten (10) days of the date that such individual(s) start in their new positions or duties. Such subsequent training sessions may be conducted by presentation of a video recording of the first live training session. Defendant shall distribute to attendees of any training sessions the names and contact information of one or more persons knowledgeable about the training's content whom attendees may contact with questions.

## TITLE VII NOTICES

29.    Within thirty (30) days of the Effective Date, Defendant shall post a copy of the notices attached hereto as Exhibits A and B (hereinafter, "Notices"), in a conspicuous location accessible to all employees at (a) Defendant's principal business offices; and (b) each of the Texas branches where Defendant's employees work, and shall distribute copies to all then-current employees at its Texas branches by reasonable means, which may include but is not limited to e-mail and hand delivery. The Notices shall be signed by the Chief Operations Officer.  The Notices shall be posted for three (3) years after the Effective Date.  Defendant shall ensure that the Notices required to be posted by this Paragraph remains posted, and that they are not altered, defaced, or covered by any other material, for the duration of this Decree.

30.    Within ten (10) days of Defendant's compliance with the posting requirement of Paragraph 29, above, Defendant shall transmit to EEOC a written certification that it has complied with the requirements of Paragraph 29, above.

## REPORTING AND RECORD KEEPING

31.    For the duration of this Decree, Defendant shall submit to EEOC reports concerning all complaints alleging racial harassment, race discrimination, and/or retaliation for complaints of alleged racial harassment or race discrimination that it receives from any person and Defendant's response to such complaints.

32.     At a minimum, the reports required by Paragraph 31, above, shall include: (a) the date of the complaint; (b) a description of the complaint allegations; (c) the full name, job title, residence address, and last known phone number(s) of the person who made the complaint; (d) the full name and job title of all person(s) against whom the complaint was made; (e) the full names and job titles of all Defendant personnel who conducted or participated in the investigation of such complaint; (f) the full name(s), job title(s), residence address(es), and last known phone number(s) of all persons interviewed in connection with the investigation; (g) a complete narrative description of the questions asked of, and statements made by, any persons interviewed in connection with the investigation; and (h) any investigation findings and/or corrective or preventive actions that Defendant undertook in response to such complaint.

33.     The reports required by Paragraphs 31 and 32, above, shall be sent to EEOC no later than thirty (30) days after Defendant's receipt of any complaints, with a second report for each complaint due no more than ten (10) days after Defendant takes final action in response to the complaint.

34.     For the duration of this Decree, Defendant shall retain (a) the Policies required by Paragraph 10, above, including all documents reflecting any changes to the Policies or their implementation; (b) all training materials, attendance lists, and employee acknowledgments required by this Decree; (c) documents of any complaints of race harassment, race discrimination, or retaliation for complaining of racial harassment or race discrimination that Defendant receives from its employees; and (d) all documents related to any investigations and corrective or preventive actions that Defendant undertakes in response to such complaints.  Such documents shall include, but are not limited to, any and all written correspondence, notes, emails, photographs, video recordings, text messages, policies, PowerPoints, training materials,

memoranda, written statements, affidavits, declarations, charges of discrimination, internal complaint documents, lawsuits, internal reports, investigation findings, and disciplinary or other personnel actions. Copies of all such documents shall be produced to EEOC within fourteen (14) days of any written request for their production by EEOC.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

35.    Upon motion of EEOC regarding any provision of this Decree, this Court may schedule a hearing for the purpose of reviewing Defendant's compliance with this Decree. Prior to filing such motion, EEOC shall provide Defendant with written notification of its alleged noncompliance. Upon receipt of EEOC's written notification, Defendant shall have fifteen (15) days either to correct the alleged non-compliance and so inform EEOC in writing or to provide a written response denying the alleged non-compliance.

(a)    If the Parties cannot in good faith resolve their dispute, EEOC may file a Motion to seek review by the Court;

(b)    Each Party shall bear its own costs, expenses, and attorney fees incurred in connection with such action; and

(c)    Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Northern District of Texas (Fort Worth Division).

## COURT COSTS AND ATTORNEY FEES

36.    The Parties shall each bear their own costs, expenses, and attorney fees in this action.

## EFFECTIVE DATE, DURATION, AND RETENTION OF JURISDICTION

37.     The provisions of this Decree shall remain in effect for a period of three (3) years immediately following the Effective Date, provided, however, that if, at the end of the three (3)

year period, any disputes under Paragraph 35, above, remain unresolved, or any monetary relief payments required by this Decree remain unpaid, the duration of the Decree shall be automatically extended until there is a final disposition of such dispute or such payment(s) are completed.

38.    For the duration of this Decree, this Court shall retain jurisdiction over this action to enforce the terms of the Decree and shall have all available remedies to enforce the Decree, including but not limited to monetary sanctions and injunctive relief.

## THE COMMISSION'S REPORTING OBLIGATIONS UNDER IRC SECTIONS 162(f) AND 6050X

39.    Defendant acknowledges and agrees to the following:

(a)    The Commission may be required to report the fact of this settlement to the IRS under Sections 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the Commission is required by law to do so, Defendant will be provided with a copy of the Form 1098-F provided to the Internal Revenue Service ("IRS"). Defendant's EIN is: 76-0130026. The individual at Defendant to whom the Commission should mail a copy of the Form 1098-F, if the Commission is required to issue one is: Heidi Davis, 925 South Loop West, Houston, Texas 77054;

(b)    The Commission has not made any representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code;

(c)    The Commission's provision to Defendant of Form 1098-F does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met;

(d)    Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission; and

24

(e)     Defendant is not acting in reliance on any representations made by the Commission regarding whether the amount paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

## MISCELLANEOUS PROVISIONS

40.     This Decree constitutes the entire agreement and commitments of the Parties on matters raised herein and no other statement, promise, or agreement, either written or oral, made by either Party or an agent of any Party, not contained in this Decree shall be enforceable.

41.     If any provision(s) of this Decree is found to be unlawful, only the specific provision(s) in question shall be affected and all other provisions of this Decree shall remain in full force and effect.

42.     When this Decree requires Defendant to submit reports, certifications, notices, or other materials to EEOC, they shall be sent via email, certified U.S. mail, or overnight express delivery to the following EEOC point-of-contact:

> Brian E. Hawthorne
> Trial Attorney
> U.S. Equal Employment Opportunity Commission
> Dallas District Office
> 207 South Houston Street, 3rd Floor
> Dallas, Texas 75202
> Email:  brian.hawthorne@eeoc.gov

EEOC shall be authorized to identify a new EEOC point-of-contact without need for modification of this Decree by providing written notice to Defendant's counsel of record of the name, title and contact information of the new EEOC point-of-contact.

43.     All written certifications, reports or other submissions to EEOC that are required by this Decree shall be made by a Defendant official under oath or under penalty of perjury pursuant to 28 U.S.C. § 1746.

44.    In the event that the Parties propose to make any modifications to this Decree by their mutual consent, they shall submit such proposed modifications to the Court by Joint Motion, and such modifications shall not be effective unless approved by order of the Court.

45.    This Decree may be executed in counterparts.

[remainder of page intentionally left blank]

**IT IS AGREED BY:**

FOR THE U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

ANDREW B. ROGERS
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

RONALD L. PHILLIPS
ACTING REGIONAL ATTORNEY

Dated: July 25, 2025

*/s/Brian E. Hawthorne*
BRIAN E. HAWTHORNE
TRIAL ATTORNEY
Texas State Bar No. 24116494
E-mail: brian.hawthorne@eeoc.gov

ALEXA R. LANG
TRIAL ATTORNEY
Trial Attorney
Texas State Bar No. 24105356
E-mail: alexa.lang@eeoc.gov

U.S. Equal Employment Opportunity Commission
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (972) 918-3597

Dated: July 25, 2025

FOR TNT CRANE & RIGGING, INC.

*/s/Luke C. MacDowall*
LUKE C. MACDOWALL *(Attorney in Charge)*
State Bar No. 24104445
E-mail: lmacdowall@littler.com

G. MARK JODON
State Bar No. 10669400
E-mail: mjodon@littler.com

DANIEL COOLIDGE
State Bar No. 24113693
E-mail: dcoolidge@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900 Houston, TX 77010
Telephone: 713.951.9400
Facsimile: 713.951.9212

RENEE SCHULDT (*Local Counsel*)
State Bar No. 24133190
E-mail: rschuldt@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX 75201-2931
Telephone: 214.459.3038
Facsimile: 214.880.0181

*Attorneys for Defendant*

Dated: July 25, 2025

**IT IS SO ORDERED:**

Date: _____

                                        _____
                                            HONORABLE MARK T. PITTMAN
                                            United States District Judge

# EXHIBIT A



## **NOTICE TO ALL EMPLOYEES**

This Notice is being posted pursuant to a federal court order. TNT Crane & Rigging, Inc. ("TNT Crane") provides notice of the following:

(1) TNT Crane is prohibited by federal court order and federal law from discriminating against employees because of race, including but not limited to subjecting any employees to racial harassment;

(2) TNT Crane is prohibited by federal court order and federal law from retaliating against any person because that person has, in good faith, complained of or reported possible racial harassment or discrimination or opposed any other practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any investigation or proceeding under Title VII; and

(3) TNT Crane will provide mandatory training on racial harassment, race discrimination, and retaliation; company policies prohibiting such behavior; and company procedures for making complaints or reports about such behavior.

EEOC enforces federal laws that prohibit discrimination in employment on the basis of race, color, religion, national origin, sex, disability, age, pregnancy/childbirth/related medical conditions, genetic information, or retaliation for opposing practices reasonably believed to be discriminatory or filing or participating in a charge of discrimination.  If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact EEOC and to report that discrimination or retaliation.  EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, ASL videophone for deaf/hard of hearing callers at 844-234-5122, or via e-mail at *info@eeoc.gov*. EEOC is a law enforcement agency and charges no fees to receive and investigate complaints. **This Notice must remain posted for three years from the date below and must not be altered, defaced, or covered by any other material.**

_____          _____
Date                                                      [insert name of required company official]
                                                              For TNT Crane & Rigging, Inc.

# EXHIBIT B

# <u>NOTICE OF TNT CRANE RULES PROHIBITING CREATION AND<br>DISPLAY OF HATE SYMBOLS</u>

Hate symbols are drawings, shapes, or objects that express messages of hate, bias, prejudice, and injustice because of race or other membership in a demographic group, and instill a threatening and unsafe environment. The FBI's Uniform Crime Reporting Program considers graffiti of hate symbols to be vandalism.

TNT is committed to preventing persons from defacing company property with hate symbols and will remove the hate symbols promptly once a Human Resources representative has been notified of their existence.

If you see the posting of hate symbols in progress, please report it immediately to your designated Human Resources representative. All employees are encouraged to take a photograph of the hate symbols, and to identify the date and place where the hate symbols were observed. TNT is taking the following immediate steps to eliminate hate symbols in the workplace:

1.    Requiring on-site supervisors and managers to report any hate symbols immediately to Human Resources.

2.    TNT is committed to remove such symbols promptly after receiving a report of hate symbols in the workplace.  Prior to removal, TNT will photograph the hate symbols and send the photograph with the date and place found to the Human Resources Department to conduct a prompt investigation.

3.    Any employee found to have engaged in creating or displaying hate symbols in the workplace will be subjected to discipline up to and including immediate termination.

4.    Any supervisor or manager who has failed to report hate symbols known to them at the worksite will be subjected to discipline up to and including immediate termination.

**This Notice must remain posted for three years from the date below and must not be altered, defaced, or covered by any other material.**

_____        _____
Date                                                                [insert name of required company official]
                                                                        For TNT Crane & Rigging, Inc.

32